## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>                              *Plaintiffs*,<br><br>        v.<br><br>LOUIS DEJOY, in his official<br>capacity as the Postmaster General; and the<br>UNITED STATES POSTAL SERVICE,<br><br>                              *Defendants*. | Civil Case No. 1:20-cv-02405 |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND CASE SCHEDULE

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 5.2, Plaintiffs request that the Court order expedited discovery.  Given the urgency of this matter, Plaintiffs further request that the Court direct Defendants to submit their opposition to this motion by Tuesday, September 15.[1]

On September 8, 2020, Plaintiffs filed a motion for preliminary injunction in this case asking the Court to enjoin Defendants Louis DeJoy, Postmaster General of the United States, and the United States Postal Service ("USPS") from implementing a policy related to late and extra trips by USPS employees because that policy unreasonably burdens the fundamental right to vote (the "Late/Extra Trips Policy").  Defendants' Opposition is due on September 15, 2020 and Plaintiffs' Reply is due on September 20, 2020.  *See* September 9, 2020 Minute Order.

---

[1] The parties have conferred, and Defendants have advised that they are opposed to Plaintiffs' requests for expedited discovery and the schedule proposed herein.

Plaintiffs maintain that the Court can grant Plaintiffs' preliminary injunction motion solely on the basis of the evidence and arguments contained in their memorandum in support of that motion and the supporting exhibits and declarations filed therewith, *See* ECF No. 16. However, given the urgency of this matter, Plaintiffs seek expedited discovery at this time for two reasons. First, such discovery may be necessary if the Court concludes that it needs additional evidence to resolve Plaintiffs' pending motion. Second, if the Court concludes that there is sufficient time to resolve Plaintiffs' claims on the merits and issue a permanent injunction in advance of the election, the discovery that Plaintiffs seek would be useful to support such an order.

In either case, delaying discovery until after the Court rules on the pending motion for a preliminary injunction would prejudice Plaintiffs' ability to secure the necessary evidence in time for a ruling that is sufficiently in advance of the November election. And in either circumstance, should the Court determine that an evidentiary hearing is appropriate—prior to the issuance of a preliminary or permanent injunction—Plaintiffs propose that the hearing take place following the completion of such expedited discovery.

` Plaintiffs' proposed discovery, attached hereto as Exhibits A–H and summarized in Section I below, is limited to a narrowly targeted set of written discovery requests and a small number of depositions based on a detailed review of information produced by Defendants in similar cases pending in other courts. Plaintiffs have tailored their requests to focus on specific factual issues and avoid imposing duplicative demands on Defendants. And consistent with the Court's direction, Plaintiffs have sought to coordinate their discovery plan with what they understand to be the discovery being pursued by the plaintiffs in the related actions pending before this Court (*Richardson v. Trump*, 20-2262; *National Association for the Advancement of*

*Colored People v. U.S. Postal Service*, *et al.* 20-2295; and *State of New York et al v. Trump et al*, 20-2340).

Plaintiffs' proposed schedule for such discovery, as well as an evidentiary hearing (if necessary), is set forth in Section III. While the Court may conclude that such a hearing is unnecessary, Plaintiffs respectfully submit that given the importance of the matter and the press of the calendar, planning for that possibility is in the interest of all parties and the public.

I.    **Plaintiffs Have Narrowly Targeted Their Proposed Expedited Discovery Requests.**

Plaintiffs have targeted their discovery requests based on their careful study of information provided by USPS in other cases concerning the USPS policies challenged in this case. In particular, Plaintiffs have reviewed the document production in *Washington v. USPS*, Case No. 1:20-cv-03127 (E.D. Wash.) and the submissions by the government in *Jones v. USPS*, Case No. 20-cv-6516 (S.D.N.Y.).

With respect to document discovery, Plaintiffs have focused on specific documents that Defendants have already identified as relevant to Plaintiffs' claims, including, for example:

- The official Guidelines regarding the Late/Extra Trip Policy, such as the Excel spreadsheet produced as Bates No. USPS00000190 in *Washington v. USPS*, Case No. 1:20-cv-03127 (E.D. Wash.) (attached as Exhibit J), and the PDF filed by USPS as Exhibit 2 to the Cintron Declaration filed in *Jones v. USPS*, Case No. 20-cv-6516 (S.D.N.Y.) (attached as Exhibit I).

- Transmittal emails regarding those documents, such as the document produced as Bates No. USPS00000216 in *Washington v. USPS*, Case No. 1:20-cv-03127 (E.D. Wash.) (attached as Exhibit K); and

- The most recent statement by the USPS concerning the impact of the Late/Early Trip Policy—the August 31, 2020 PowerPoint entitled *Congressional Briefing: Transportation and Service Updates*, attached as Exhibit S.

Plaintiffs have also drafted Requests for Admission to lay the foundation for the admissibility of such documents without requiring depositions of records custodians. And to further streamline the presentation of evidence, plaintiffs have prepared Interrogatories seeking a

summary of certain key facts, including, for example, Defendants' authorization of requests for late and extra trips and the volume of mail carried on late trips, extra trips, and on-time trips over a recent period of time.

With respect to depositions, Plaintiffs have likewise tailored their requests to issues and witnesses that are of central importance to this matter, and that were identified following Plaintiffs' review of the information provided in other cases.  Specifically, Plaintiffs seek 30(b)(6) tesitmony on the formulation and implementation of the Late/Extra Trip Policy; the reasons for the decline in on-time delivery service scores following the implementation of the Late/Extra Trip Policy; the Government's cost savings justification for the Late/Extra Trip Policy; and the alleged efficiencies and benefits of the Late/Extra Trip Policy.  And Plaintiffs seek depositions of three of the seven fact witnesses whose written declarations the government submitted in the *Jones* action—and will presumably be submitted in this case as well.  These witnesses are knowledgeable of issues at the heart of the case, including the Late/Extra Trips Policy (Cintron), the treatment of election mail (Glass), and the reasons for delays in the delivery of mail (Curtis).

## II.     The Proposed Discovery Is Consistent With The Applicable Legal Standards Regarding Expedited Discovery.

Rule 26 vests the trial judge with broad discretion to tailor discovery and to dictate its sequence.  *See Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007) (district courts have broad discretion on discovery matters); *see also Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006) (expedited discovery is appropriate in certain circumstances).

Here, the Court should exercise its discretion and grant Plaintiffs' request for expedited discovery to ensure that Plaintiffs' request for injunctive relief is resolved prior to the November

2020 elections.  *See Simon v. Republic of Hungary*, Civ. A No. 10-01770 (BAH), 2012 WL 13069772, at *4 (D.D.C. Oct. 19, 2012) (granting expedited discovery where the Court found a connection between the expedited discovery and the avoidance of irreparable injury).

In determining whether to grant expedited discovery, courts typically consider  five factors:  "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142–43 (D.D.C. 2005) (quoting *Entm't. Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440 at *3–5 (E.D. Pa. Oct. 2, 2003)).  All of these factors counsel in favor of expedited discovery here.

With respect to the first factor, Plaintiffs have filed a preliminary injunction motion, and expedited discovery is particularly appropriate in cases involving such a request.  *See Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

The second and fourth factors—the breadth and burden imposed by the requested discovery—similarly weigh in favor of granting Plaintiffs' request for expedited discovery. Plaintiffs' discovery requests are "reasonably tailored to the issues presented by Plaintiff[s'] application for preliminary injunction."  *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, 2006 WL 8435983, at *3 (W.D. Tex. Oct. 10, 2006).  Furthermore, Defendants have already been engaged in discovery in other similar matters in the Eastern District of Washington and the Eastern District of Pennsylvania.  They are thoroughly familiar with the discovery being sought.  At the same time, Plaintiffs have sought to minimize any burden due to potentially duplicative discovery.  *See infra*, Section III.

The third factor favors Plaintiffs' motion, given that the "purpose" of the discovery is to obtain information that may be central to the resolution of this matter.  *See supra*, Section I.

Finally, the fifth factor is satisfied because Plaintiffs are not seeking discovery far in advance of when they would ordinarily be entitled to receive it.  In light of the substantial motion practice being briefed before the Court and the imminent general election, requiring Defendants to provide some limited discovery in support of Plaintiffs' preliminary injunction would not dramatically alter the timetable in which Plaintiffs would otherwise receive discovery.

## III.    Plaintiffs' Discovery Will Not Impose a Duplicative Burden on Defendants

*Coordination of discovery regarding the cases filed in the District of Columbia.*  Per the Court's instruction, Plaintiffs have conferred with counsel for the plaintiffs in *Richardson*, *NAACP*, and *State of New York*.  While some of the more general categories of discovery propounded in the other cases may encompass Plaintiffs' requests, it is respectfully submitted that Plaintiffs have formulated a more precise and targeted set of requests which should not be prejudiced merely on account of their specificity.  And to the degree that Defendants are already providing the information sought by Plaintiffs in response to the broader requests in the other cases, there is no incremental burden imposed by Plaintiffs' requests in this case.

As for the proposed depositions, Plaintiffs agree that the same witness should not be deposed twice in the four USPS cases pending in the District of Columbia.  Plaintiffs propose that the depositions take place during the week of September 28, 2020, following the production of documents, and that there be one deposition for each of the four affected cases.

*Minimizing burden in light of discovery in cases outside of the District of Columbia.* Plaintiffs are also aware that some USPS witnesses may provide testimony in matters pending outside this jurisdiction in which recent USPS actions have been challenged.  It is Plaintiffs' understanding, however, that such testimony must be taken before relevant documents can be

produced.  Plaintiffs therefore submit that it would be unfair to be bound by the record in such cases.  Nonetheless, Plaintiffs do not intend to replow the same ground in the proposed depositions in this case.  Plaintiffs simply request the opportunity to ask specific questions about documents and topics that were not asked in another case.  As a simple example:  Plaintiffs do not need to ask Mr. Cintron, a key witness as regards the formulation of the Late/Extra Trips Policy, about his educational and professional background to the degree that is covered in a deposition in Pennsylvania.  But Plaintiffs request the right to ask Mr. Cintron more specific questions about the substance of the Guidelines that he has identified as the official statement of the Late/Extra Trip Policy, particularly in light of any relevant documents that come to light in advance of that deposition.

## IV.    Plaintiffs' Proposed Schedule

In order to complete the limited discovery that Plaintiffs propose and then hold an evidentiary hearing—should the Court determine that a hearing is necessary—Plaintiffs propose the following schedule:

- *September 18, 2020*:  Defendants serve their written objections to Plaintiffs' written discovery requests.

- *September 21, 2020*:  Defendants produce documents and serve answers to Plaintiffs' interrogatories and requests for admission.

- *September 28, 2020 – October 1, 2020*:  Plaintiffs take proposed depositions.

- *October 2, 2020*:  The parties submit pre-hearing filings (exhibit and witness lists).

- *Week of October 5, 2020 (at the Court's convenience)*:  Evidentiary hearing

Plaintiffs further propose that the parties use the time between Defendants' production of discovery responses and depositions to confer regarding the completeness of Defendants' responses and, if necessary, seek guidance from the Court to resolve any disputes.

**CONCLUSION**

For the foregoing reasons, if the Court determines that further evidence is required to rule on Plaintiff's Motion for Preliminary Injunction, Plaintiffs respectfully request that the Court grant their Motion for Expedited Discovery.

Date:  September 14, 2020

Respectfully submitted,


Robert D. Fram
Diane Ramirez
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000
rfram@cov.com
dramirez@cov.com

John Fraser
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
jfraser@cov.com

 /s Shankar Duraiswamy
Shankar Duraiswamy
Megan C. Keenan
James Smith
Sarah Suwanda
Virginia Williamson
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
sduraiswamy@cov.com
mkeenan@cov.com
jmsmith@cov.com
ssuwanda@cov.com
vwilliamson@cov.com