UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Vote Forward,** *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> **DeJoy,** *et al.*, <br><br> Defendants | Case No. 20-cv-2405 |

**DEFENDANTS RESPONSE TO
PLAINTIFFS' PROPOSED ORDER**

During the October 31, 2020 evidentiary hearing, the Court instructed the parties to confer after the hearing (which ended at around 6:30 p.m.) over a proposed order, to be submitted that evening, that would include operational and data reporting requirements for USPS. Defendants received a draft proposed order from Plaintiffs at around 7:20 p.m. Plaintiffs have since filed a slightly modified Proposed Order with the Court. *See* ECF No. 54. Upon initial review, the Proposed Order, as written, requires (or can be read to require) USPS to implement new measures just *two days* before the November 2020 election, which would be operationally impractical and would risk confusion and delays to ballot mail. Thus, USPS respectfully requests that the Court refrain from entering Plaintiffs' Proposed Order, and allow USPS to further review its provisions. USPS anticipates providing its own proposed order by 11:00 a.m. on November 1, 2020, in advance of the hearing set for the same day.

The Court should refrain from entering Plaintiffs' proposed order for several reasons. *First*, USPS needs additional time to compare the Proposed Order with the guidance it has already issued

to relevant personnel. It appears that the Proposed Order may be textually and operationally inconsistent with pre-existing guidance. Importantly, the Proposed Order and the relevant pre-existing guidance documents are written with drastically different levels of specificity, and thus USPS cannot neatly, and quickly, conduct a side-by-side comparison. Nor can USPS fully understand and articulate the potential risk of confusion if it issues this guidance to relevant personnel without coordinating with its Operations experts to determine whether the language would be understood by the recipients. Pre-existing guidance documents were drafted in consultation with relevant personnel, and include technical, industry-specific language. Thus, USPS counsel must consult with USPS employees to better understand this guidance and assess the degree to which it overlaps with the Proposed Order and the extent of the potential for harm it could create. If the Court were to enter the Proposed Order before that review and consultation takes place, it would risk imposing *new* operational requirements, or material modifications to pre-existing operational requirements, just *two days* before the November 2020 election, which would be impractical and counterproductive. At a minimum, any perceived new obligations on USPS personnel would create confusion, which would impede rather than promote the expeditious processing of Election mail.

If, as Plaintiffs represent, their Proposed Order is intended to simply re-affirm pre-existing USPS requirements, and impose no new requirements, then it is unclear why any new order is required. And it is less clear why their request for the Court to enter a new order is "extremely urgent." ECF No. 54. Regardless, even if the Proposed Order mirrors pre-existing USPS Policy, USPS would still have to ensure that any new guidance issued pursuant to the Proposed Order is consistent with language in pre-existing guidance documents in order to prevent confusion.

Further, contrary to Plaintiffs' assertion, the Proposed Order is broad and vague, and may impose entirely new requirements. For example, the proposed order requires USPS to ensure that *all* mail identifiable as Election Mail that "arrives at an originating plant is immediately identified, postmarked, and processed on an expedited basis." ECF No. 54-1. But how this Election Mail is "identified" and "expedited" is unclear and arguably imposes new requirements. The Proposed Order, as drafted, could be read to require the Postal Service to manually sort the mail at the originating plant to identify ballots. It appears that the USPS process for expediting ballots between now and the election, however, requires a number of technical steps laid out in existing guidance documents, including, for example, implementing alterations to the software on its processing machines to identify ballots based on the addresses for the Boards of Elections. The ballots are postmarked while being sorted, and once the ballots are extracted through this processing step, they can bypass further processing, and are therefore expedited for delivery to the Boards of Election. Manual sortation and postmarking would be much slower and less effective. It is unclear whether the Proposed Order is consistent with this process.

Additionally, the Proposed Order requires that "Election Mail that has a destination in a different District [must be] processed as Express Mail." ECF No. 54-1. But in some situations, this might be slower than other delivery methods, particularly if the districts are close in proximity. And USPS has already directed that the use of Priority Mail Express as an extraordinary measure, among many others, "is authorized and expected to be executed by local management." ECF No. 36-1, at 13. Moreover, the Extraordinary Resources Memorandum reiterates this message. *See* Ex. A, at 2. Requiring the use of the Priority Mail Express network to the exclusion of other potential measures to expedite ballot delivery risks actually slowing down the delivery of the ballot

3

depending on the available channels for delivery. This is an example of where local discretion can provide a more favorable outcome.

To support their assertion that the Proposed Order imposes no new requirements, Plaintiffs rely on October 31, 2020 testimony by USPS officials over current USPS policy. However, oral testimony, although valuable, may lack the same degree of precision as written representations; for the latter, parties may carefully draft their language after reviewing and consulting all relevant materials, whereas for the former, witnesses must provide responses on the spot without having an opportunity to review necessary documents. Further, USPS does not necessarily recall either of its witnesses testifying, *without reservation*, that USPS has necessarily adopted the exact provisions in the Proposed Order, as currently written. The Court certainly should not issue a new order this close to the election on the off chance that (i) USPS witnesses did indeed testify that USPS has already implemented the precise provisions in the Proposed Order, and (ii) this testimony precisely and accurately reflects the current state of USPS policy. Again, the consequences of imposing new obligations on USPS could be disastrous.

Finally, entry of the Proposed Order would be improper because it bears no relationship to the underlying legal theories in Plaintiffs' Complaint. "Even when" a "preliminary injunction [request] is predicated on a complaint, if" it "raises issues different from those presented in the complaint, the court has no jurisdiction over the motion." *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002). Here, Plaintiffs challenged certain discrete, alleged USPS policy changes, such as an alleged prohibition on late and extra trips. *See*, *e.g.*, Compl. ¶ 164. The Complaint makes no mention of postmarking policies, Express Mail treatment, or delivery standards for Election Mail with a "destination in the same District." ECF No. 54-1. Indeed, the recent hearings have shifted away entirely from the underlying legal theories in this case, and have morphed into policy sessions

whereby Plaintiffs simply brainstorm new postal reforms that they believe would be beneficial for mail processing without the benefit of the expertise possessed by those who manage the operations of the Postal Service. Thus, the Court cannot and should not enter an injunction concerning the facets of USPS policy covered by the Proposed Order.

For these reasons, the Court should allow USPS sufficient time to vet the Proposed Order before the Court issues this order and risks imposing significant burdens on USPS that could jeopardize Election Mail processing to the detriment of the voting public. USPS will be prepared to discuss the Proposed Order during the November 1, 2020 hearing.

Dated:  November 1, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director
Federal Programs Branch

*/s/ Kuntal Cholera*
JOSEPH BORSON
KUNTAL V. CHOLERA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-8645
E-mail: Kuntal.cholera@usdoj.gov

*Attorneys for Defendants*