UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**Vote Forward,** *et al***,**

Plaintiffs,

**v.**

Case No. 20-cv-2405

**DeJoy,** *et al.***,**

Defendants

### NOTICE OF PROPOSED ORDER

The United States Posta Service ("USPS") hereby submits the attached Proposed Order. *See* Ex. A. USPS drafted this Proposed Order in consultation with Operations personnel, with the goal of addressing issues reflected in Plaintiffs' proposed order without imposing new substantive requirements just hours before the November 2020 Election. USPS will be prepared to discuss this Proposed Order during today's hearing.

The Court should enter USPS's Proposed Order, rather than Plaintiffs' updated proposed order (Plaintiffs' "Policy Proposal"). As a threshold matter, USPS policy is a complex field where any new guidance, or change, must involve a high degree of input from operational personnel, and must be drafted in appropriate, precise language to ensure that it is consistent with pre-existing guidance. It is risky for a collection of attorneys, with little experience, to draft guidance overnight which could require large-scale logistical changes, and create issues on the eve of the election.

Additionally, Plaintiffs' updated Proposed Order is plagued with issues. At this point, Plaintiffs do not really dispute that their Policy Proposal would impose new requirements. For

example, they note that certain measures required by their proposal are currently "authorized" under USPS's pre-existing guidance, and that their proposal would require USPS to convey, in written form, that these measures are mandatory. But this would again require USPS to submit new guidance to the field, just *hours* before the November 2020 Election. Plaintiffs' flagrant disregard for the ramifications of their last-minute attempts at postal policy-making is concerning.

Furthermore, certain provisions of Plaintiffs' Policy Proposal would also be extraordinarily burdensome. For example, their proposal would require that "[a]ll USPS retail offices in the" specified "jurisdictions, and any other states that have deadlines for receipt of an election ballot that depend on a postmark date, shall establish a dedicated process for postmarking all Election Mail." ECF No. 56-2. But this does not appear to represent current USPS policy. Although the Postal Service's policy is to ensure that all returned ballots receive a postmark, USPS is aware of no policy that requires "all USPS retail offices" in specific jurisdictions to establish "dedicated processes" to postmark "all Election Mail" *at those retail offices*. Rather, ballots are generally postmarked at the postal processing plants, and there are extensive procedures in place to accomplish that goal, which are covered in the Instructions incorporated into Defendants' proposed order. Retail offices have processes in place to postmark ballots that will *not* be dispatched to a processing plant, but will rather be delivered directly to a local Board of Elections. Plaintiffs' Policy Proposal would thus require USPS to create an entirely new obligation on certain retail offices—again, hours before the Election. USPS will be prepared to discuss this issue further during today's hearing.

By contrast, USPS's Proposed Order—which reminds USPS employees of certain key measures to facilitate Election Mail processing and makes clear that is pursuant to the order of the Court—is consistent with pre-existing guidance, and has been approved by relevant operations

personnel. The Proposed Order also includes certain reporting requirements requested by Plaintiffs.

Finally, contrary to their assertions, Plaintiffs' Proposed Order bears no relationship to their legal claims, and is therefore improper. *See Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("Even when" a "preliminary injunction [request] is predicated on a complaint, if" it "raises issues different from those presented in the complaint, the court has no jurisdiction over the motion."). Although, as Plaintiffs note, they had alleged that certain specific USPS policy changes had produced delays, their legal claim was that these *USPS policy changes* were unlawful, not that delays in general, whatever their cause (be it COVID-19 or special delivery procedures) are unlawful. The Court has already issued relief targeting the USPS policy changes at issue, including relief meant to ensure that late and extra trips are not prohibited or unduly restricted. Plaintiffs' Proposed Order goes well beyond their legal theories, and now seeks to generally improve USPS Election Mail policies as a whole. USPS agrees that the Court certainly has inherent equitable authority to enforce its Orders. But Plaintiffs can hardly argue that their Proposed Order is an attempt to "enforce" a prior order, rather than an attempt by Plaintiffs to effectively run the postal service.

The Court should decline to enter Plaintiffs' proposed order, and should instead enter USPS's proposed order. The parties should discuss the matter further during today's hearing.

Dated:  November 1, 2020			Respectfully submitted,

						JEFFREY BOSSERT CLARK
						Acting Assistant Attorney General

						ERIC WOMACK
						Assistant Branch Director
						Federal Programs Branch

						*/s/ Kuntal Cholera*
						JOSEPH BORSON
						KUNTAL V. CHOLERA
						Trial Attorney
						U.S. Department of Justice
						Civil Division, Federal Programs Branch
						1100 L Street, NW
						Washington, D.C. 20005
						Telephone: (202) 305-8645
						E-mail: Kuntal.cholera@usdoj.gov

						*Attorneys for Defendants*