UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LOUIS DEJOY, in his official capacity as the Postmaster General; and the UNITED STATES POSTAL SERVICE,<br><br>*Defendants*. | Civil Case No. 1:20-cv-02405 |

**MOTION FOR FURTHER RELIEF**

At yesterday's conference, Plaintiffs raised two significant issues: (1) USPS data shows that roughly 300,000 ballots received an origin processing scan (indicating they entered the processing system) but no destination scan confirming they were delivered; and (2) USPS data shows continuing delays in processing ballots in a number of jurisdictions. Defendants' counsel stated that he would work with USPS follow up on both issues, but, given competing demands on USPS, he has not yet been able to do so. In addition, data produced just now shows continued low processing scores for ballots delivered yesterday in several districts in which ballots must be returned to election officials *today*. This includes: 69.06% in Central Pennsylvania, 79.26% in Philadelphia, 77.66% in Detroit, 54.28% in Colorado/Wyoming, 61.04% in Atlanta, 80.77% in Houston, 69.04% in Alabama, 71.78% in Northern New England (Maine, Vermont, and New Hampshire), 79.67% in Greater South Carolina, 74.05% in South Florida, and 79.87% in Lakeland (Wisconsin).

Given that Election Day is now upon us, Plaintiffs submit that further relief is necessary to ensure that all ballots in USPS's possession are delivered in a timely manner. At yesterday's

1

hearing, Defendants' counsel represented that Inspectors from the United States Postal Inspection Service and/or the USPS Office of Inspector General were involved in the "all clear" process to ensure that ballots were being fully cleared from USPS facilities and ready for delivery.  Defendants made a similar statement in a cover memo to one of their data productions on November 1, 2020, attached hereto as Exhibit 1 ("[T]he United States Postal Inspection Service conducts onsite observations of Election Mail processing . . .  [T]he United States Postal Service Office of Inspector General (OIG) is on site at 27 processing centers validating conditions as well.").

Plaintiffs therefore request that this Court enter an order requiring Defendants to provide, by 3 pm today, a verification that an inspector from either the USPS Postal Inspection Service or the USPS Inspector General's Office has inspected facilities at the following "hotspot" jurisdictions to ensure that no ballots remain in the facility and that all ballots that were there earlier today are out for delivery this afternoon:  Central Pennsylvania, Philadelphia, Detroit, Colorado/Wyoming, Atlanta, Houston, Alabama, Northern New England, Greater South Carolina, South Florida, Lakeland, and Arizona.  Other than Arizona, all of these districts are one where processing scores have been below—in many cases well below—the expected minimum. Plaintiffs have included Arizona on this list because it has an unusually high volume of ballots that have received an origin processing scan but not a destination scan (more than 20,000), and because today is the ballot receipt deadline in Arizona.

Further, in light of reported backlog of Election Mail in Detroit, Plaintiffs further request that this Court enter an order requiring a status report of inbound ballots in Detroit, as it has done so with the Princeton Post Office in Miami-Dade County in its November 1 minute order.

A proposed order is attached.