UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>        *Plaintiffs*,<br><br> v.<br><br>LOUIS DEJOY, in his official capacity as the Postmaster General; and the UNITED STATES POSTAL SERVICE,<br><br>        *Defendants*. | Civil Case No. 1:20-cv-02405 |

**NOTICE OF PLAINTIFFS' PROPOSAL FOR FURTHER PROCEEDINGS AND PROPOSED ORDER**

Pursuant to the oral order issued by the Court on November 9, 2020, and after conferring with Defendants, the *Vote Forward* Plaintiffs submit the following proposal for further proceedings in this action.[1]

As discussed with the Court at the November 9 status conference, further discovery in this case is warranted to address USPS's compliance with the Court's earlier orders, particularly in light of the impending runoff elections in Georgia. Last week, Plaintiffs provided Defendants with a set of proposed discovery topics and a schedule for completing such discovery. Since conferring with Defendants, Plaintiffs have attempted to address USPS's concerns about the scope and timing of the proposed discovery by narrowing the list of expedited discovery topics to focus on issues relevant to the upcoming January 5, 2021 Georgia runoff elections, so that Plaintiffs can file, and

---

[1] An identical proposal in terms of next steps is being filed by the plaintiff in *NAACP v. U.S. Postal Service*, DDC No. 20-2295.

the Court can resolve, any relevant motions for relief in advance of those elections. However, Defendants have not agreed to Plaintiffs' revised proposal, necessitating the filing of separate proposals for further proceedings in this action.[2]

Plaintiffs respectfully request that the Court enter the attached Proposed Order. Plaintiffs submit that their proposed expedited discovery requests and schedule are necessary to ensure the timely resolution of any disputes that may affect the impending January 5 runoff elections.

I. **An Expedited Discovery and Briefing Schedule Is Necessary to Ensure the Timely Delivery of Election Mail for The Impending Georgia Runoff Elections.**

USPS data shows that the three Districts serving Georgia—Atlanta, Gulf Atlantic, and Tennessee (collectively, the "Georgia Districts")—struggled to deliver ballots on time to meet the Georgia Election Day deadline. For example, in the two weeks before the November 3 general election, the Atlanta District's processing score for Inbound Ballots (*i.e.*, ballots mailed from the voter to the board of election) plummeted to 39.68% on October 27, rebounded for two consecutive days, but then dipped *again* for the three days immediately preceding Election Day: 78.23% (October 30), 57.09% (October 31), and 61.47% (November 2). *See* ECF No. 111-2.[3] Moreover, those sub-80% processing scores continued despite this Court's Orders requiring the use of extraordinary measures designed to expedite the processing of Inbound Ballots, raising questions about USPS's effective compliance with the Court's Orders.

---

[2] Plaintiffs have also agreed to defer certain discovery requests until after January 5, 2021, contingent on USPS confirming that it will not institute changes to its nationwide Election Mail delivery policies and transportation policies between now and January 5, 2021. As of the time of this filing, Defendants have agreed to comply with the relevant preliminary injunctions but have not provided further clarity on whether any further changes between now and January 5, 2021 will occur. Subject to the ongoing negotiations, Plaintiffs reserve the right to seek additional, expedited discovery with respect to those policies in advance of January 5, 2021.

[3] The Gulf Atlantic District reported similarly low processing scores in the three days preceding Election Day: 85.21% (October 30), 83.17% (October 31), and 78.52% (November 2).

Another significant issue throughout this case is that the data produced by USPS has not captured the full universe of Inbound Ballots being delivered through the mail. For example, the Inbound Ballot processing scores cited above do not include ballots that: (a) are delivered locally and do not go through a processing facility; and (b) receive an origin scan but not a destination scan because they are removed from the ordinary processing system as a result of the extraordinary measures in place to expedite the delivery of ballots. Only after multiple requests from Plaintiffs, and in the wake of testimony from USPS employee Kevin Bray, did USPS finally produce post-Election Day processing score data distinguishing between ballots originating in a District versus ballots destined for a District. That data was a helpful first step. And it underscores that further discovery is essential so that Plaintiffs can determine whether additional sources may be available so that the data presented about Inbound Ballots for the Georgia special elections is more complete.

With less than two months between now and the Georgia Runoff Elections, the parties and this Court have limited time to determine what went wrong in the Georgia Districts during the general election, including the extent of USPS's compliance with the Court's orders, and what further relief may be necessary to ensure the timely delivery of Election Mail for the Georgia runoff elections. Prompt relief is especially important given that mail ballots in Georgia must be *received* by 7 p.m. on Election Day (*i.e.*, January 5, 2021)—with no extended deadline for postmarked ballots. Furthermore, Defendants have stated that they expect mail volume to increase during the holiday season that overlaps with the Georgia mail-in voting window, underscoring the risk of untimely Election Mail delivery and voter disenfranchisement.

Having been down this road before, Plaintiffs simply cannot afford to wait and see whether USPS will comply with the Court's preliminary injunction orders or subsequent Court orders. Particularly given USPS's oft-stated concerns about last-minute operational changes, any delay in

obtaining this discovery will make it difficult for Plaintiffs to obtain relief from the Court sufficiently in advance of the January 5 deadline to ensure effective implementation.

**II.     Plaintiffs Have Narrowly Targeted Their Proposed Expedited Discovery Requests.**

In light of the impending January 5, 2021 deadline and USPS's consistently poor processing scores for Inbound Ballots in the Georgia Districts, Plaintiffs have focused their proposed expedited discovery on USPS's handling of Election Mail and compliance with the Court's orders with respect to *the Georgia Districts*, including:

- Use of late and extra trips;

- The implementation of measures outlined in USPS's October 13 and October 20 Memoranda, and recent Court orders;

- USPS reports regarding ballot sweeps, all-clears, and non-compliance with USPS Election Mail Polices;

- Data regarding the volume and processing scores for Inbound Ballots that were and were not sent to USPS processing facilities, and information on the use of Intelligent Mail Barcode ("IMB") features in Georgia to contextualize such data;

- USPS's forthcoming plans for handling Election Mail in the Georgia runoff elections; and

- Data regarding USPS's expected volume of mail for December 2020 through January 5, 2021, and employee availability in the Georgia Districts from July 2020 through January 2021.

*See* Ex. 1, Plaintiffs' Outline of Discovery Topics.

This targeted discovery will allow the parties and the Court to craft any relief that may be necessary to ensure the timely delivery of Election Mail in the Georgia runoff elections. Without such discovery, the parties will lack the information necessary to ensure that any relief is appropriately tailored to facts on the ground. At the same time, Plaintiffs' narrowing of their discovery requests to focus on Georgia specifically will alleviate any purported concerns about the discovery burden.

4

### III. Plaintiffs' Proposed Schedule

In order to complete Plaintiffs' limited discovery and then hold a hearing—should any disputes arise before the January 5 runoff elections—Plaintiffs propose the following schedule.

| DATE | EVENT |
| --- | --- |
| November 18, 2020 | Deadline for Plaintiffs to formally serve discovery requests on Defendants. |
| November 20, 2020 | Deadline for Defendants to serve objections to Plaintiffs' discovery requests. |
| November 23, 2020 | Hearing to resolve Defendants' objections to Plaintiffs' discovery requests, if necessary. |
| December 1, 2020 | Deadline for Defendants to produce documents and interrogatory responses to Plaintiffs' discovery requests. |
| December 6, 2020 | Deadline for completion of depositions. |
| December 9, 2020 | Deadline for Plaintiffs to file motion(s) for relief relating to the Georgia Run-Off Elections. |
| December 12, 2020 | Deadline for Defendants to file a response to Plaintiffs' motion(s) for relief. |
| December 16, 2020 | Hearing on Plaintiffs' motion(s) for relief relating to the Georgia Run-Off Elections. |

Date: November 16, 2020                Respectfully submitted,

/s Shankar Duraiswamy
Shankar Duraiswamy
Habin Chung
Megan C. Keenan
James Smith
Sarah Suwanda
Virginia Williamson
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
sduraiswamy@cov.com
hchung@cov.com
mkeenan@cov.com
jmsmith@cov.com
ssuwanda@cov.com
vwilliamson@cov.com

5

Robert D. Fram
Diane Ramirez
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000
rfram@cov.com
dramirez@cov.com

John Fraser
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
jfraser@cov.com

*Counsel for Plaintiffs*