# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Vote Forward,** *et al,*

Plaintiffs,

**v.**

**DeJoy,** *et al.,*

Defendants

Case No. 20-cv-2405-EGS

### DEFENDANTS' PROPOSAL FOR
### FURTHER PROCEEDINGS

Consistent with this Court's direction, Defendants have been working in good faith to settle on a schedule that would allow the case to reach final resolution. Over the past two months, Defendants have produced thousands of pages of documents, provided data on a daily basis leading up to and following the election, provided numerous witnesses for depositions and live testimony, and participated in daily hearings before this Court. In short, Defendants have gone to extraordinary lengths, at great burden to the Postal Service, to accommodate the demands of Plaintiffs and the Orders of this Court. However, as this Court also indicated at the last hearing, it is time for this case to now proceed on a normal track. *See* 11/6 Hr'g Tr. at 29:13-23 ("[I]t's appropriate to start shifting this case to a more normal track . . . . THE COURT: I welcome that suggestion, counsel."). Rather than return the case to a normal track, as this Court indicated, Plaintiffs appear determined to continue this case in an expedited and emergency posture—to seek discovery and relief over issues unrelated to their legal claims—which is anything but the normal course of litigation. The Court should decline to enter Plaintiffs' proposed schedule, or in the alternative, should only permit narrowly tailored discovery, and should give the Postal Service an adequate amount of time to

1

respond. Additionally, the Court should enter a summary judgment briefing schedule to facilitate the conclusion of this litigation.

As this Court is well aware, the operative Complaint in this case was filed in September 2020, in which Plaintiffs challenged the alleged Postal Service "Late/Extra Trip Policy" and the Postal Service's alleged "failure to restore decommissioned sorting machines." ECF No. 15, ¶¶ 6; Prayer for Relief G ("Preliminary and permanent injunctions barring Defendants . . . from enforcing any policies that unreasonably burden the fundamental right to vote, including the Challenged Policies"). Plaintiffs alleged that "these safeguards are all the more important at this moment, when a presidential election hangs in the balance." *Id.* at ¶ 3. That same day, Plaintiffs filed a motion for preliminary injunction that sought to enjoin what they perceived to be the Postal Service's late and extra trip policy. *See* ECF No. 16-1. On September 28, 2020, the Court granted Plaintiffs' motion for a preliminary injunction and enjoined the Postal Service "from enforcing the Late/Extra Trips Policy." ECF No.  31. The presidential election has now ended, and Plaintiffs do not assert that there is anything remaining for the Postal Service to do with respect to that election.

Turning their attention from the election, Plaintiffs now seek expedited discovery largely over Postal Service policies in the State of Georgia. They do not even attempt to explain *how* such discovery relates to the claims in their Amended Complaint or *why* such discovery is necessary or proportionate to the needs of the case in light of the operative preliminary injunction. Instead, it appears that Plaintiffs intend to engage in such discovery in order to generally monitor the Postal Service's operations in Georgia, spot any potential deficiency (regardless of its cause), and determine whether Plaintiffs can propose some corrective measures despite their lack of experience in the complex sphere of Postal logistics. This type of discovery request is improper. *See In re: Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020) (granting mandamus petition concerning deposition of former cabinet secretary where district court abused its discretion by ordering irrelevant discovery). Indeed,

whether Plaintiffs face a risk of harm from actions by the Postal Service due to elections in Georgia, even after they have received all of the relief they requested from this Court in the presidential elections, is the essence of speculation. *See City of Orrville, Ohio v. F.E.R.C.*, 147 F.3d 979, 986 (D.C. Cir. 1998) (if an "interest is too attenuated, and therefore its injury too speculative," it cannot "satisfy the requirements of Article III").

To be clear, Defendants respect this Court's instructions to negotiate about the terms of additional discovery that is relevant to the operative complaint. Defendants were prepared to negotiate over such discovery as a prelude to summary judgment briefing, taking into account the nature of Plaintiffs' claims as pled in their operative complaint, the voluminous discovery already produced by the Postal Service, and the fact that the Presidential election has concluded. Plaintiffs, however, do not seek discovery relevant to their actual claims, but rather seek discovery on ancillary topics, for the purpose of seeking relief they do not ask for in their Complaint. Because Plaintiffs appear to concede that no discovery is necessary to decide their original claims, Defendants respectfully submit that this case is ready for summary judgment, which is the path that has already been taken in *New York v. Trump*, 20-cv-2405 (D.D.C. Oct. 20, 2020)

But even if Plaintiffs were permitted to engage in discovery based on the possibility that the Postal Service may take some future action that would harm them in a Georgia run-off election, the proposal that Plaintiffs have proffered is overly burdensome and, frankly, not a basis for compromise. On November 13, 2020, Plaintiffs sent the Postal Service a proposed, expedited discovery schedule:

> 11/18 – Serve specific discovery requests.
> 11/20 – Objections to discovery requests.
> 11/23 – Hearing to resolve objections.
> 12/1 – Production of documents and interrogatory answers.
> 12/6 – Complete depositions.
> 12/9 – Motions for any relief related to the runoff.
> 12/12 – Opposition to any motion.

3

12/16 – Hearing on motion.

During this extremely compressed timeline, Plaintiffs have generally indicated that they intend to engage in exhaustive discovery over Postal operations in the Georgia. Plaintiffs also anticipate later seeking discovery over the Postal Service's compliance with the Court's orders. Neither Plaintiffs' proposed schedule, nor its discovery topics, are appropriate.

*First*, the discovery Plaintiffs seek on an expedited basis is unnecessary. It is undisputed that Plaintiffs already have received discovery over relevant Postal operations in Georgia (and other States). The Postal Service produced scores of data broken down on a regional level and has also produced documents and information relevant to the Postal Services Election Mail policies nationwide, which obviously encompasses Georgia. *See*, *e.g.*, Oct. 27 and Oct. 29 Minute Orders. Additionally, discovery into the Postal Services' compliance with the Courts' Orders is especially unnecessary since this topic has been covered (and addressed) extensively over multiple, daily hearings. The Postal Service has been ordered to implement multiple measures to ensure that it is complying with the Court's orders, and the Postal Service has already produced relevant evidence confirming its compliance with these supplemental orders. *See* Oct. 27 Minute Order.

Moreover, Plaintiffs do not allege that the Postal Service is currently violating any Order of this Court, and its request for discovery concerning compliance—without any evidence of non-compliance—is therefore unwarranted. *See Heredia Mons v. Wolf*, No. CV 19-1593 (JEB), 2020 WL 4201596, at *2 (D.D.C. July 22, 2020) (A court may "order limited discovery" into compliance with a Court order when "significant questions regarding noncompliance [with a court order] have been raised." (internal quotation marks omitted)).

*Second*, Plaintiffs' proposed schedule is unreasonable, especially in light of the resources that the Postal Service has already devoted towards expedited discovery over the past several months and towards its operations for the upcoming holidays. Under Plaintiffs' proposed schedule, the Postal

Service would have only two days to produce responses and objections to Plaintiffs' discovery requests, eight days to produce documents and interrogatories following a hearing on the discovery requests, and five days after document productions are complete to prepare an unidentified number of witnesses for depositions. And, notably, Plaintiffs have not yet identified the number of document production requests, interrogatories, and requests for admission that they intend to serve, making any precise showing of burden all the more difficult. Plaintiffs' discovery proposal, if accepted, will likely require the Postal Service to commit significant resources towards addressing unnecessary discovery requests in order to meet the relevant deadlines, at the expense of competing obligations. This burden is especially acute now since postal volume generally increases during this time of the year given the holidays. Glass Decl. ¶ 43 ("[P]eak mailing season . . . begins after Thanksgiving and extends into early January. Peak in 2019 was projected to have around 13 billion mailpieces. During the peak week of the holiday season, the Postal Service expected 2.5 billion pieces of First-Class Mail, not counting any Marketing Mail."). Additionally, Plaintiffs' proposed schedule also runs through the Thanksgiving holiday, potentially interfering with personal schedules.

The Court should therefore decline to enter Plaintiffs' proposal for further proceedings. To the extent the Court concludes that Plaintiffs' request for expedited discovery is warranted, the Court should only authorize narrowly tailored, expedited discovery over the issue of Election Mail in Georgia. Plaintiffs should only be allowed to serve three (3) total document or data requests and notice one (1) deposition, according to the following schedule:

| | |
|---|---|
| December 2, 2020: | Plaintiffs' submit document requests, and notice deposition. |
| December 9, 2020: | USPS produces responses and objections. |
| December 15, 2020: | Court hearing to resolve dispute, and set schedule. |

The Court should also set a summary judgment briefing schedule to help bring this case to a conclusion. As noted above, the discovery Plaintiffs seek now is unnecessary for the parties to

litigate the merits of Plaintiffs' legal claims. Thus, the Court should enter the following schedule:

|  |  |
|---|---|
| January 19, 2020: | Plaintiffs file opening brief. |
| February 9, 2020: | USPS files response and cross-motion for summary judgment. |
| February 18, 2020: | Plaintiffs file reply brief. |

This schedule would be consistent with the Court's Order in a related matter, *New York v. Trump*,[1]

requiring the parties to promptly complete summary judgment briefing.


Dated: November 16, 2020                         Respectfully submitted,

                                                 JEFFREY BOSSERT CLARK
                                                 Acting Assistant Attorney General

                                                 ERIC R. WOMACK
                                                 Assistant Branch Director
                                                 Federal Programs Branch

                                                 */s/* Kuntal Cholera
                                                 KUNTAL CHOLERA
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L, NW Washington, DC 20005
                                                 Tel.: (202) 305-8645
                                                 Fax: (202) 616-8470
                                                 Email: kuntal.cholera@usdoj.gov

---

[1] 20-cv-2405 (D.D.C. Oct. 20, 2020) ("granting over objection . . . motion to expedite consideration of Plaintiffs' . . . motion for summary judgment").