IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOUIS DEJOY, *et al.*,<br><br>    Defendants. | Civil Docket No. 20-cv-2405 (EGS) |

### MOTION TO CLARIFY THE COURT'S NOVEMBER 4, 2020 MINUTE ORDER

Pursuant to Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to clarify and modify its orders, Defendants respectfully request that the Court clarify that its November 4, 2020 Minute Order does not require Defendants to file on the public docket all documents that they produce to Plaintiffs in the course of upcoming discovery in this case.

As the Court is aware, during a November 4, 2020 status conference in this matter, Defendants agreed to produce various data and other information requested by Plaintiffs related to the United States Postal Service's handling of election mail. This data and information included, among other things, ballot sweep checklists, information about bar codes that boards of elections use for election mail, and a list of USPS facilities that process letters and "flat" envelopes.

After the November 4 status conference concluded, the Court issued a minute order stating: "In view of the discussion during today's status conference regarding additional data reports and other information Defendants agreed to produce to Plaintiffs, it is hereby ordered that Defendants shall file on the public docket all data reports and other information produced to Plaintiffs until further order of the Court." 11/4/2020 Minute Order. Pursuant to that order,

Defendants filed on the public docket the data and other information that they agreed to produce to Plaintiffs during the November 4, 2020 status conference. *See* ECF Nos. 90, 122.

On November 16, 2020, the parties submitted their respective proposals for further proceedings in this case. In view of those proposals, the Court granted Plaintiffs leave to serve document requests and directed the Postal Service to produce its responses and objections by no later than December 3, 2020. Plaintiffs then served document requests on the Postal Service seeking, among other things, documents and communications relating to the Postal Service's plans for the January 5, 2021 Georgia runoff election, data concerning Postal Service employee availability in Georgia, information on the number of late and extra trips performed by Postal Service facilities in Georgia, documents and communications relating to the implementation of certain Postal Service policies, and details about arrangements made between Postal Service facilities and Georgia boards of elections. Defendants have begun to produce responsive, nonprivileged documents in response to Plaintiffs' requests.

Defendants do not believe that this Court intended that its November 4 Minute Order apply to materials that would be produced in the normal course of discovery. As the Court is aware, discovery materials are not typically filed on the public docket unless attached to a motion in which they are referenced. *See, e.g.*, Local Civil Rule 5.2(a) (nonfiling of discovery materials); *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 61 (D.D.C. 2009) (documents obtained through discovery "typically are not publicly accessible"). Defendants' understanding of the Court's November 4 Minute Order is that the Court was concerned with ensuring that the "additional data reports and other information Defendants agreed to produce to Plaintiffs" "*during [the November 4, 2020] status conference*" were filed on the public docket, 11/4/2020 Minute Order, to ensure that the Court and all parties were able to access those documents during

future status conferences. Requiring Defendants to file on the public docket all documents produced in the normal course of discovery would be impractical, burdensome, and inconsistent with the general rule that discovery materials are not typically filed. Accordingly, Defendants respectfully request, out of an abundance of caution, that the Court clarify that its order applied only to the data and information that Defendants agreed to produce during the November 4, 2020 status conference, and not all future discovery.

      Defendants have conferred with Plaintiffs, and Plaintiffs take no position on this motion.

Dated:  December 8, 2020

                                    Respectfully submitted,

                                    JEFFREY BOSSERT CLARK
                                    Acting Assistant Attorney General

                                    ERIC R. WOMACK
                                    Assistant Director, Federal Programs Branch

                                    <u>/s/ John Robinson</u>
                                    JOSEPH E. BORSON
                                    KUNTAL CHOLERA
                                    ALEXIS ECHOLS
                                    DENA M. ROTH
                                    JOHN ROBINSON (D.C. Bar No. 1044072)
                                    Trial Attorneys
                                    U.S. Department of Justice
                                    Civil Division, Federal Programs Branch
                                    1100 L. Street, NW
                                    Washington D.C. 20005
                                    (202) 616-8489
                                    john.j.robinson@usdoj.gov

                                    *Attorneys for Defendants*