IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>LOUIS DEJOY, *et al.*,<br><br>            Defendants. | Civil Docket No. 20-cv-2405 (EGS) |

**JOINT MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION**

Plaintiffs moved—and obtained—a preliminary injunction based on the need "to ensure the timely delivery of election mail" before the 2020 General Election. Mem. Supp. Prelim. Inj., at 2, ECF No. 16-1. Although Plaintiffs continue to pursue their claims more generally, with the conclusion of the 2020 General Election, the parties agree that this Court should dissolve the preliminary injunction based on the absence of any imminent irreparable harm. *See, e.g.*, *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 109 F. Supp. 3d 626, 635 (S.D.N.Y. 2015) (dissolving preliminary injunction because plaintiffs' claims were moot), *aff'd*, 815 F.3d 105 (2d Cir. 2016).

Good cause exists for the relief jointly requested by the parties. The D.C. Circuit has recognized that dissolving a preliminary injunction is appropriate where there is "'a significant change either in factual conditions or in law' such that continued enforcement of the injunction would be 'detrimental to the public interest.'" *Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019) (per curiam) (reversing denial of motion to dissolve preliminary injunction given significant changes to challenged policy) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)). Here, the fact that the November 2020 election has come and gone is a significant change in circumstances that

1

...

bears on whether the preliminary injunction should be maintained, as it eliminates the possibility of imminent irreparable harm that formed the basis for the preliminary injunction. *See, e.g.*, Mem. Op. at 36–40, ECF No. 32; *see also Johnson v. Freeman*, No. 05-cv-1266-ERW, 2005 WL 8176829, at *2 & n.2 (E.D. Mo. Aug. 8, 2005) (concluding that "the absence of irreparable harm likewise constitutes a sufficient ground for an issuing district court to dissolve a preliminary injunction"); *Consolidated Paving, Inc. v. Cty. of Peoria, Ill*, No. 10-1045, 2011 WL 13217068, at *2 (C.D. Ill. July 18, 2011) (dissolving preliminary injunction after concluding that plaintiff "will not suffer irreparable harm if the preliminary injunction is dissolved").[1]

Accordingly, the parties respectfully request that this Court grant this motion to dissolve the preliminary injunction.

|  |  |
|---|---|
| | Respectfully submitted, |
| BRIAN M. BOYNTON<br>Acting Assistant Attorney General | */s Shankar Duraiswamy*<br>Shankar Duraiswamy<br>Megan C. Keenan |
| ERIC R. WOMACK<br>Assistant Director | Sarah Suwanda<br>COVINGTON & BURLING LLP<br>One CityCenter |
| */s/ Joseph E. Borson*<br>JOSEPH E. BORSON (Va. Bar No. 85519)<br>KUNTAL CHOLERA<br>ALEXIS ECHOLS<br>DENA ROTH<br>JOHN J. ROBINSON<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St., NW | 850 Tenth Street, NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>sduraiswamy@cov.com<br>mkeenan@cov.com<br>ssuwanda@cov.com<br><br>Robert D. Fram<br>COVINGTON & BURLING LLP<br>Salesforce Tower |

---

[1] Defendants also maintain that the balance of the equities and public interest also counsel in favor of dissolving an injunction that was entered to prevent disenfranchisement in an election that has concluded, yet imposes continuing limitations on the actions of the Postal Service. *See* Mem. Op. at 41–43 (concluding that the equities favor an injunction in order to "allow eligible citizens to vote").

Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Counsel for Defendants*

415 MISSION STREET, SUITE 5400
San Francisco, CA 94105-2533
(415) 591-6000
rfram@cov.com

*Counsel for Plaintiffs*

Date:  February 10, 2021