UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>                      *Plaintiffs*,<br><br>   v.<br><br>LOUIS DEJOY, in his official<br>capacity as the Postmaster General; and the<br>UNITED STATES POSTAL SERVICE,<br><br>                      *Defendants*. | Civil Case No. 1:20-cv-02405 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

Plaintiffs filed this action on August 28, 2020, to challenge certain postal policies that were adopted in violation of statutory requirements and imposed an unconstitutional burden on the right to vote. The Court subsequently entered a preliminary injunction and additional orders to prevent Defendants' policies from inflicting irreparable harm on Plaintiffs in connection with the November 2020 General Election and subsequent Georgia Runoff Election. With the passage of those elections, the parties agreed to vacate the preliminary injunction. Defendants, however, now seek to go further, asking the Court to dismiss Plaintiffs' lawsuit in its entirety.

Defendants' sole argument is that Plaintiffs do not face an ongoing, redressable injury because the 2020 elections have passed. But Defendants do not dispute that they remain committed to proceeding with the Late/Extra Trip Policy that Plaintiffs have challenged—which was temporarily suspended only upon this Court's entry of a preliminary injunction. Moreover, Defendants do not contend that this Policy will have no effect on the right to vote in elections in 2021 and beyond. Instead, Defendants attempt to latch on to the temporal focus of Plaintiffs' initial complaint to argue that Plaintiffs' alleged injuries have disappeared.

1

Whatever narrow argument Defendants may have, it has been rendered moot by Plaintiffs' motion for leave to amend their complaint. The proposed amended complaint removes any doubt that Plaintiffs have adequately alleged an ongoing and redressable injury based on the likelihood that Defendants' policies will impair their voting rights and organizational interests going forward. Those policies include both the Late/Extra Trip Policy that Plaintiffs have challenged since the outset of this case and Defendants' ballot processing practices, which, as discovery in this case has revealed, place their own undue burden on the right to vote. The Court should therefore grant Plaintiffs' motion for leave to amend (for the reasons stated therein)—which Defendants do not oppose—and deny Defendants' motion to dismiss as moot.

## ARGUMENT

### I. Defendants' Motion to Dismiss Should Be Denied as Moot in Light of Plaintiffs' Proposed Second Amended Complaint, Which Clearly Pleads an Ongoing, Redressable Injury.

"A motion to dismiss a complaint that has been subsequently amended is . . . moot." *Wultz v. Islamic Rep. of Iran*, No. 1:08-cv-1460-RCL, 2009 WL 4981537, at *1 (D.D.C. Dec. 14, 2009). Thus, when faced with simultaneously pending motions to dismiss and for leave to amend, courts commonly rule first on the motion for leave and, if granted, deny the motion to dismiss as moot. *See, e.g., Gray v. D.C. Public Schs.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) (granting plaintiff's motion for leave to amend and noting that "[w]hen a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot"). Here, Defendants do not oppose Plaintiffs' motion for leave to amend, and have indicated that they will "file a fully dispositive motion" regarding the proposed Second Amended Complaint. Thus, the Court should simply dismiss the now-pending motion to dismiss as moot. *Cf. Smalls v. Spencer*, No. 17-606, 2018 WL 1461963, at *3 (D.D.C. Mar. 22, 2018) (granting plaintiff's opposed motion

for leave to amend because the proposed amendment was not futile and holding "in light of the filing of the second amended complaint, Defendant's motion to dismiss the first amended complaint is DENIED AS MOOT").

Denial of Defendants' motion as moot is especially appropriate because the proposed Second Amended Complaint plainly pleads an ongoing and redressable injury, thereby curing any arguable defects in standing. Defendants' policies will continue to impose a substantial burden on individual voters' right to vote in upcoming elections in 2021.[1]

Pennsylvania, Texas, and New Mexico will all hold important elections in the coming months, and in each state, ballots must be received either by Election Day or one day thereafter in order to be counted. Defendants, however, have refused to commit to extend the measures that were implemented for the November 2020 General Election and the Georgia Runoff to these important 2021 elections. Furthermore, Defendants appear intent on proceeding with Postmaster General DeJoy's Late/Extra Trip Policy, which this Court preliminary enjoined in September 2020, now that this Court's preliminary injunction of that Policy has been vacated.

The individual Plaintiffs—who now include several voters from Pennsylvania and New Mexico—therefore find themselves in effectively the same position that prompted the filing of this suit last August. Any delays in the delivery of Election Mail would once again threaten to disenfranchise voters in several states, particularly those voters who choose to vote the weekend before Election Day. Furthermore, Plaintiff Vote Forward continues to face an impending injury due to its ongoing activities in preparation for upcoming elections in the relevant states.

---

[1] Plaintiffs incorporate herein by reference the arguments set forth in their motion for leave to amend by reference. *See* Pls.' Mot. for Leave to Amend; Pls.' Proposed Second Am. Compl.

Thus, Plaintiffs' proposed amended complaint adequately pleads impending and redressable injuries caused by Defendants' planned Late/Extra Trip Policy and reversion to the ballot processing practices that threatened voter disenfranchisement last fall. The Court should thus grant Plaintiffs' motion for leave and deny Defendants' motion to dismiss as moot.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court GRANT their Motion for Leave to File a Second Amended Complaint and DENY Defendants' motion to dismiss as moot.

Date: March 5, 2021

                                        Respectfully submitted,

                                        */s Shankar Duraiswamy*
                                        Shankar Duraiswamy
                                        Daniel Auten
                                        Sarah Suwanda
                                        COVINGTON & BURLING LLP
                                        One CityCenter
                                        850 Tenth Street, NW
                                        Washington, DC 20001-4956
                                        (202) 662-6000
                                        sduraiswamy@cov.com
                                        dauten@cov.com
                                        ssuwanda@cov.com

                                        Robert D. Fram (*pro hac vice*)
                                        COVINGTON & BURLING LLP
                                        Salesforce Tower
                                        415 Mission Street, Suite 5400
                                        San Francisco, CA 94105-2533
                                        (415) 591-6000
                                        rfram@cov.com

---

[2] For the same reasons, the Court should reject Defendants' alternative request to dismiss Count II as moot. *See* Defs.' Mot. to Dismiss 9, ECF No. 165.1.