# Exhibit 15

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Electronic Mail**                                                February 15, 2021

Joseph Borson
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, District of Columbia 20005

Re:   **Vote Forward v. DeJoy, No. 1:20-cv-02405**
      **Implementation of Late/Extra Trips Policy and Extraordinary**
      **Measures in Connection with the 2021 Elections**

Dear Counsel:

We write in anticipation of the upcoming 2021 elections, starting with the primary elections this Spring.

Given the ongoing COVID-19 pandemic, we expect that a significant number of voters will once again seek to vote by mail in the 2021 elections. As in the past, those voters will rely upon the United States Postal Service ("USPS") as their means to exercise the franchise. In these 2021 elections, as in the November 2020 and Georgia runoff elections, USPS must therefore ensure that its policies do not unconstitutionally burden the right to vote. We urge USPS to fulfill that obligation by (1) committing not to re-impose its policy banning late and extra trips (the "Late/Extra Trips Policy"), and (2) continuing to implement the extraordinary measures required by the parties' December 23, 2020 agreement and endorsed by the Court's order of December 24, 2020.

The history of this case suggests that these commitments are necessary to protect voters' "constitutionally protected right to vote . . . and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964). As you know, the Court preliminarily enjoined USPS's Late/Extra Trips Policy, finding that Plaintiffs were likely to succeed in showing that it unconstitutionally burdened the right to vote. *Vote Forward v. DeJoy*, No. 20-2405 (EGS), 2020 WL 5763869, at *10 (D.D.C. Sept. 28, 2020). The Policy, the Court concluded, "directly impact[ed] and control[led] the ability of millions of citizens to have their votes counted," *id.* at *7, and imposed severe burdens on voters' rights by creating a substantial risk that their ballots would be invalidated based on such arbitrary factors as which USPS branch handled their ballots, *id.* at *8.

Even after that Policy was preliminarily enjoined, USPS's ballot-processing practices failed to ensure the on-time delivery of inbound ballots, again imposing an unconstitutional and severe burden on the right to vote. Accordingly, when the parties entered into their December

COVINGTON

Joseph Borson
February 15, 2021
Page 2

23 agreement aimed at remedying these failures in the lead-up to the Georgia runoff elections, the Court *sua sponte* incorporated the agreements' terms into a binding order. See Agreement, ECF No. 162-1; Min. Order (Dec. 24, 2020).

The challenges USPS will face in the upcoming 2021 elections, starting with the primary elections this Spring, mirror those that it faced in the November 2020 and January runoff elections. If USPS seeks to reinstate its Late/Extra Trips Policy or fails to implement the extraordinary measures required under the parties' December 23 agreement and the associated and incorporated memoranda, it will again unconstitutionally burden voters' rights.

We therefore request that the USPS to explicitly and publicly commit that, in all future elections: (1) it will not re-impose its Late/Extra Trips policy, and (2) it will implement the extraordinary measures required by the December 23, 2020 agreement for the Georgia runoff elections—including those detailed in the December 8 and 14 memoranda and the memoranda incorporated therein. See Agreement, ECF No. 162-1 at 3 ("USPS shall implement the policies articulated in the memoranda issued by USPS on December 8 and December 14 . . . ."); *id*. at 10 (indicating that the extraordinary measures in place for the Georgia runoff elections include "all previous guidance issued" in memoranda on September 21, September 25, and October 13, and "specifically reiterat[ing] the instructions set forth in the Oct. 20 Memorandum").

Finally, we wish to emphasize that Plaintiffs make this demand not in an effort to compromise or settle this case, but because the actions we request are constitutionally required. Indeed, whether or not Defendants make the aforementioned commitments, Plaintiffs view this case as live and ongoing.

**We ask that you respond to this letter no later than 6:00 p.m. on Friday, February 19, 2021,** to confirm that Defendants will make the commitments identified herein.

Sincerely,

Shankar Duraiswamy

cc: Kuntal Cholera (kuntal.cholera@usdoj.gov)
John Robinson (john.j.robinson@usdoj.gov)
Dena Roth (dena.m.roth@usdoj.gov)
Alexis Echols (alexis.j.echols@usdoj.gov)