UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>LOUIS DEJOY, in his official capacity as the Postmaster General; and the UNITED STATES POSTAL SERVICE,<br><br>      *Defendants*. | Civil Case No. 1:20-cv-02405 |

## JOINT STATUS REPORT

Pursuant to the Court's Order of March 29, 2021, Plaintiffs (Vote Forward, *et al.*) and Defendants (USPS, *et al.*) (collectively "the Parties") hereby submit this Joint Status Report ("Report"). The Parties have met and conferred in an attempt to submit a joint proposal but were unable to reach an agreement. Accordingly, this Report sets forth Plaintiffs' position in Section I and Defendants' position in Section II.

**I. Plaintiffs' Proposals**

  **A. Plaintiffs' Second Motion for Preliminary Injunction Should Not Be Consolidated with the Merits or Converted to a Motion for Summary Judgment.**

It would be improper to consolidate Plaintiffs' Second Motion for Preliminary Injunction (the "PI Motion") with a trial on the merits or, as Defendants propose, to convert it to a motion for summary judgment for multiple reasons.

*First*, Plaintiffs' PI Motion requests expedited relief concerning elections that will commence as early as May 1, 2021, and addresses the need to implement specific practices in connection with imminent elections in Texas, Pennsylvania, and New Mexico. In particular:

1

- On May 1, 2021, a special election will be held in Texas to fill the seat of late U.S. Representative Ron Wright in the Sixth Congressional District. *See* Mem. in Support of Pls.' Second Mot. for Prelim. Inj. at 7–8, ECF No. 175-1.

- On May 18, 2021, Pennsylvania will hold a statewide primary election to fill seats on the Pennsylvania Supreme, Superior, and Commonwealth Courts. *Id.* Pennsylvania will also have several proposed state constitutional amendments on the ballot on that date. *Id.*[1]

- On June 1, 2021, following the confirmation of former U.S. Representative Deb Haaland as Secretary of the Interior, New Mexico will hold a special election to fill her now-vacant seat in New Mexico's First Congressional District. *Id.*

Although Plaintiffs had hoped and expected that Defendants would continue to utilize ballot-handling measures for these elections that would insulate election ballots from USPS's ongoing service performance failures, Defendants' recent statements have made clear they have no intention of doing so. Accordingly, there is a clear need for distinct and expedited relief to address the conduct of these impending elections.

*Second*, converting Plaintiffs' PI Motion to a summary judgment motion would be inappropriate both because the pending motion relates only to the imminent elections in May and June 2021, and not the later elections that are also the subject of the Second Amended Complaint, and certain discovery is necessary for merits briefing on the full scope of Plaintiffs' claims. In particular, Plaintiffs will request discovery related to:

- Defendants' ongoing service performance issues, which remain mired at historically low levels, including analyses of future expected performance issues;

- Defendants' recent analyses of their handling of election mail, including an audit by the USPS Office of Inspector General;

---

[1] They include amendments to: (i) prohibit the restriction or denial of an individual's equal rights under Pennsylvania law because of race or ethnicity; (ii) allow the General Assembly to terminate or extend a disaster emergency declaration without needing the Governor's approval; and (iii) incorporate disaster emergency declaration and management powers directly into the Constitution. *See* Mem. in Support of Pls.' Second Mot. for Prelim. Inj. at 7–8, ECF No. 175-1.

- Defendants' plans, policies, practices, and measures regarding the handling of election mail, as well as any costs associated with such measures;

- Defendants' decision-making regarding the use or non-use of certain measures for the handling of election mail, including Postmaster General DeJoy's recent statements to Congress on this issue; and

- Defendants' ten-year strategic plan for USPS announced on March 23, including changes to service standards and the implications for the handling of election mail.

Plaintiffs' discovery will include written discovery—including requests for production, interrogatories, and requests for admission, as appropriate—and a limited number of depositions, including 30(b)(6) depositions and potentially a deposition of Postmaster General DeJoy.

Defendants' contention that discovery is unnecessary for a final resolution of this case is misplaced. Plaintiffs' right-to-vote claim is based on the *Anderson-Burdick* doctrine. As the Court is well aware, that doctrine calls for a consideration of both the government's interest and the burden on the right to vote. To that end, Plaintiffs seek to explore—through discovery—the justifications (whether based on cost or efficiency) put forward by USPS, with an eye to understanding why the measures adopted for recent 2020 elections should not be implemented for future elections. In addition, Defendants' anticipated service performance changes and any plans that they may have to expedite mail ballots are plainly probative of any balancing arguments they may make with respect to future elections.

While Plaintiffs intend to complete this targeted discovery by mid-June, it is simply impractical to complete this discovery, supplement the motion that has already been filed, and fully brief that motion in the limited time before USPS must implement procedures for handling election mail in the May 1, 2021 election in Texas. And absent the completion of such discovery, motions for summary judgment would be premature.

### B. The Parties Agree on a Briefing Schedule on the Second Motion for Preliminary Injunction.

The parties agree that the following briefing schedule should apply to the PI Motion, assuming the Court rejects Defendants' request to convert the PI Motion into a summary judgment motion:

- Defendants' Opposition to the PI Motion: April 9, 2021
- Plaintiffs' Reply in Support of the PI Motion: April 16, 2021

Plaintiffs further request that if the Court determines that a hearing is required to decide the PI Motion that it take place during the week of April 19. Plaintiffs expect that this schedule will provide the Court with adequate time to rule on Plaintiffs' motion sufficiently in advance of the May 1, 2021 election in Texas—thus allowing USPS to comply with the Court's Order. To the extent the Court requires additional time to evaluate the briefing and issue a ruling, Plaintiffs are amenable to a more accelerated schedule.

### C. Plaintiffs' Proposed Schedule To Resolve the Balance of the Case

This case, of course, will continue after the May and June 2021 elections. In particular, Plaintiffs have sought relief concerning the general election in Pennsylvania in November 2021. *See* Second Am. Compl. ¶ 42, ECF No. 173. Plaintiffs therefore propose the following schedule to facilitate the resolution of this case through mediation and/or cross-motions for summary judgment:

- Mediation: To be scheduled for the second half of May
- Discovery cutoff: June 15, 2021
- Plaintiffs' Motion for Summary Judgment: June 30, 2021
- Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment: July 16, 2021

- Plaintiffs' Reply in Support of Their Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment:  July 30, 2021

- Defendants' Reply in Support of Their Motion for Summary Judgment:  August 6, 2021

As the proposed schedule makes clear, Plaintiffs are interested in a prompt resolution of this matter.  However, Plaintiffs respectfully submit that the exigent circumstances of the May and June 2021 elections in Texas, Pennsylvania, and New Mexico must first be addressed before the parties can turn to a final disposition of this matter.

Moreover, Plaintiffs welcome the opportunity to mediate this case following a ruling on the PI Motion.  Plaintiffs' objectives in this litigation are quite reasonable:  they seek no more than the implementation of the measures to which Defendants have already agreed (and this Court then ordered) in connection with the Georgia Senate runoff elections.  *See* Mem. in Support of Pls.' Second Mot. for Prelim. Inj. at 15–18, ECF No. 175-1.[2]  For reasons that remain opaque to Plaintiffs, Defendants have declined to agree to those measures—or even the more limited measures that were adopted for the November 2020 general election—for the 2021 elections.  Although Plaintiffs' efforts to reach a negotiated resolution of this case have thus far been unsuccessful, they are hopeful that a mediation would facilitate a resolution that is agreeable to all parties.  Plaintiffs therefore respectfully request that the Court direct the parties to participate in mediation in an attempt to resolve the case as a whole, with the mediation taking place following the Court's ruling on the pending motion for preliminary injunction.

---

[2] Plaintiffs have also sought a commitment that Defendants will not attempt to reinstitute the Late/Extra Trips Policy (which is presently enjoined pursuant to this Court's Order in *NAACP v. USPS*).  Order Granting Prelim. Inj., *NAACP v. U.S. Postal Serv.*, No. 20-cv-2295 (EGS) (Oct. 10, 2020).

## II. Defendants' Proposals

Consistent with this Court's minute order, Defendants agree that "Plaintiffs' second motion for preliminary injunction should be consolidated with the merits under Federal Rule of Civil Procedure 65." Minute Order (Mar. 29, 2021). Consolidation is the best way to "secure the just, speedy, and inexpensive determination" of this action, allowing for final resolution of this case without the need for the seriatim filing of motions for preliminary injunctive relief prior to every local, state, or national election cycle. Fed. R. Civ. P. 1. Plaintiffs appear to disagree, and instead seek to engage in piecemeal preliminary injunction practice. Yet the crux of Plaintiffs' argument—that the Postal Service is *constitutionally obligated* to apply certain measures for *all* elections applies regardless of the specific election, and can and should be conclusively resolved now.

On March 9, 2021, Plaintiffs filed their Second Amended Complaint. ECF No. 173. In it, they advance a new theory of their case: that the Constitution *requires*—apparently in every single local, state, or national election moving forward—the adoption of the measures to which the parties voluntarily agreed to before the Georgia Special Elections. *See* 2d Am. Compl. ¶¶ 208-211; Prayer for Relief ¶¶ E-G. Defendants disagree that such a novel and unprecedented Constitutional requirement exists. As the basis for their alleged injury, Plaintiffs identify three upcoming elections: special and judicial primary elections in Pennsylvania on May 18, 2021, a special Congressional election in New Mexico on June 1, 2020, and a special Congressional election in Texas on May 1, 2021.[3] *See id.* ¶¶ 12-24. In the Second Amended Complaint, Plaintiffs also allege that Defendants have violated 39 U.S.C. § 3661.

---

[3] Defendants note, however, that the individual plaintiffs live in Pennsylvania and New Mexico; the Complaint does not identify a plaintiff or member of a plaintiff who intends to vote in the upcoming election in Texas.

Two-and-a-half weeks after filing their Second Amended Complaint, and nearly two-and-half months after Defendants first moved to dismiss the case on mootness grounds, Plaintiffs filed their second motion for a preliminary injunction. It is based on the same novel Constitutional theory, and premises standing and irreparable injury upon the same upcoming elections. *See generally* Pls.' Mem. Law Supp. 2d. Mot. Prelim. Inj., ECF No. 175-1. It does not rely on section 3661, however, as a basis for any injunctive relief.

Thus, the Constitutional claim raised in the Second Amended Complaint and the recently-filed preliminary injunction motion both depend on the same legal claim: that the GA Special Election measures that the Postal Service voluntarily agreed to institute are Constitutionally required for all elections. Accordingly, the parties should simply brief that purely legal issue, and the Court should resolve it—once. There is no reason for the parties to brief these legal issues in a preliminary injunction posture, only to have the parties return to the court to brief the same issues again a month later. Such redundant briefing serves no purpose. Indeed, this case has now been pending for almost eight months, with extensive factual testimony and discovery having been produced, and Plaintiffs still appear unwilling to advance this litigation beyond the preliminary stage. This case is ripe for final decision, rather than continued preliminary motions practice on an issue that they believe must be resolved for every election in the future.

Plaintiffs say that resolution of this essentially legal claim at this time is inappropriate for two reasons, mainly because they intend to seek further discovery. Indeed, Plaintiffs propose expansive document and deposition discovery related to Election Mail broadly (and, in the case of their threatened deposition of the Postmaster General, presumably additional topics beyond the scope of their claims). None of this discovery is relevant to their Constitutional claim: if their view is that the Constitution *requires* a set of specific measures to be implemented, it is irrelevant

what other measures the Postal Service is implementing. It is simply unnecessary factual development without any bearing on their legal claim and is disproportionate to the needs of the case. And Plaintiffs do not explain why they seek this broad discovery now, and why they failed to gather the information they now seek during previous rounds of depositions (where they were allowed to depose Mr. Robert Justin Glass, the Postal Service's then-Director of Election Season) and document discovery.

Moreover, the sole basis for seeking such expansive and accelerated discovery is their claim that their Second Amended Complaint extends to the Pennsylvania General Election in November 2021. *See infra* (citing 2d Am. Compl. ¶ 42). But that paragraph simply notes that the election is occurring on that date; none of the individual Pennsylvania plaintiffs assert any intent to vote by mail in that election, such that relief could remedy their injury, *see* 2d Am. Compl. ¶¶ 18-24, and Vote Forward itself does not specifically identify any intent to participate in that election, *see id.* ¶¶ 12-17. Indeed, the Second Amended Complaint explicitly defines the "2021 Elections" that form the basis for relief as the "special and primary elections [that] now approach in states throughout the nation and, in particular, in Pennsylvania, New Mexico, and Texas ('the 2021 Elections')." *Id.* ¶ 2. Plaintiffs are not entitled to discovery in support of a claimed election that does not injure them.

### Scheduling Proposals

As an initial matter, the most efficient process would be for Plaintiffs to withdraw their motion for preliminary injunction and quickly substitute a motion for summary judgment raising all constitutional and statutory claims. Defendants would be prepared to respond to expedited summary judgment pursuant to any scheduling order issued by the Court.

However, if this Court decides that the current timeline does not provide adequate time for full briefing on all claims in Plaintiffs' Second Amended Complaint, this Court should still consolidate briefing on the motion for preliminary injunction with summary judgment briefing on the merits of the Constitutional claim. Such an approach would permit this Court to act quickly, if necessary, to issue preliminary injunctive relief and it would preclude the need for repetitive briefing at summary judgment. Moreover, because the parties appear to agree that no further discovery is necessary to brief summary judgment on Plaintiffs' remaining statutory claim pursuant to section 3661, the parties would then be in a position to brief the merits of all claims, positioning the court for a quick decision on summary judgment. In the event that the Court elects this option, where it consolidates the preliminary injunction with the merits of Plaintiff's Constitutional claim, Defendants accordingly propose the following briefing schedule:

- **Friday, March 26, 2021:** Plaintiffs' PI Motion (to be construed as a motion for summary judgment on the Constitutional claim)
- **Thursday, April 8, 2021:** Defendants' Opposition to the PI/Cross Motion for Summary Judgment
- **Wednesday, April 14, 2021:** Plaintiffs' Reply in Support of the PI/Cross-Opposition to the Motion for Summary Judgment
- **Tuesday, April 20, 2021**: Defendants' Reply in Support of Summary Judgment

The parties would then brief summary judgment on the remaining statutory claim. Defendants propose the following schedule, which Plaintiffs had originally suggested during the meet and confer:

- **June 1, 2021**: Plaintiffs' Motion for Summary Judgment
- **June 15, 2021**: Defendants' Opposition/Cross-Motion

- **June 29, 2021**: Plaintiff's Reply/Cross-Opposition
- **July 11, 2021**: Defendants' Reply

In light of the fact that neither party apparently believes discovery is required for the statutory claim, Defendants note that summary judgment could likely begin as early as May 15, 2021.

Alternatively, if the Court adopts Plaintiffs' proposal for preliminary injunction briefing followed by briefing on the merits, Defendants do not oppose the dates proposed by Plaintiffs for the preliminary injunction briefing. Defendants further suggest that the Court adopt the above briefing schedule for merits briefing (i.e., the first brief to be filed on June 1). Plaintiffs' current schedule, with the first brief to be filed on June 30, would unduly extend the timelines for this case, which, again, can be resolved based on legal issues.

Although discovery is not required to resolve this case, which largely involves pure legal issues, if the Court disagrees, it should be narrowly tailored and limited in light of the short schedule and extensive discovery and testimony that has already occurred in this case. If the Court permits discovery, the parties would be best served by submitting a narrow discovery plan for the Court's consideration pursuant to Rule 26(f). Defendants reserve all rights, including to object to discovery requests that do not accord with the Federal Rules, as well as to serve their own discovery requests.

While Defendants have been open to settlement discussions throughout this case, at this current time, they do not see a path toward a mediated settlement, and accordingly believe that a referral to mediation would not be productive at this time. If, however, the parties jointly believe that mediation would be worthwhile at a future point, Defendants suggest that the parties jointly move for a referral to mediation at that time.

Finally, in light of the fact that under either proposal, the Court would be setting a dispositive motion schedule, Defendants would ask that the Court defer their obligation to respond to the Second Amended Complaint pending further order of the Court. (Plaintiffs agree to deferring Defendants' obligation to respond at this time, but reserve their rights to seek a firm response date at an appropriate time in the future.)

Dated: March 31, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
KUNTAL CHOLERA
ALEXIS ECHOLS
DENA M. ROTH
JOHN ROBINSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*

Respectfully submitted,

*Shankar Duraiswamy*
Shankar Duraiswamy
Daniel Auten
L. Brady Bender
Sarah Suwanda
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
sduraiswamy@cov.com
dauten@cov.com
bbender@cov.com
ssuwanda@cov.com

Robert D. Fram
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000
rfram@cov.com

*Counsel for Plaintiffs*