UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOTE FORWARD, *et al.*,<br><br>                                 *Plaintiffs*,<br><br>    v.<br><br>LOUIS DEJOY, in his official capacity as the Postmaster General; and the UNITED STATES POSTAL SERVICE,<br><br>                                 *Defendants*. | Civil Case No. 1:20-cv-02405-EGS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR SECOND
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Pursuant to Local Rule 65.1(c), Plaintiffs move for leave to file three supplemental declarations attached hereto and submitted contemporaneously with Plaintiffs' reply in support of their second motion for preliminary injunction.  *See* Ex. 1, Misner Suppl. Decl.; Ex. 2, Ewing Suppl. Decl.; Ex. 3, Hopkins Suppl. Decl.  Plaintiffs have conferred with Defendants, and Defendants oppose Plaintiffs' Motion.

Defendants assert that the Individual Plaintiffs lack standing because they may utilize alternative forms of voting, such as drop boxes.  *See* Defs.' Opp'n to Pls.' Second Mot. for Prelim. Inj., ECF No. 177, at 23–24.  But Defendants' assumptions are contrary to the facts at hand.  For example:

- Plaintiff Ashley Misner's supplemental declaration explains why she is unable to use a drop box to vote in the upcoming Pennsylvania elections.  *See* Ex. 1, Misner Suppl. Decl.

- Plaintiff Kelley Ewing Jr.'s supplemental declaration explains why his medical conditions and physical distance from the closest drop box compel him to use the USPS mailbox located within his senior living facility.  *See* Ex. 2, Ewing Suppl. Decl.

- Plaintiff LaDonna Hopkins's supplemental declaration explains that she will be sending her ballot by postal mail, and not by drop box, because she will be traveling out of state during the election.  *See* Ex. 3, Hopkins Suppl. Decl.

Thus, Plaintiffs' supplemental declarations—which respond directly to Defendants' errant assertions in their opposition brief—are well within the scope of evidence properly considered on reply.  *See Discepolo v. U.S. Dep't of Just.*, No. 16-CV-2351 (DLF/GMH), 2018 WL 6624360, at *6 (D.D.C. Nov. 15, 2018) ("'Reply affidavits are . . . proper when presented in response to new information put forth in the opposing party's response brief.'") (quoting *Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co., LLC*, No. 4:16-CV-00427, 2018 WL 1460970, at *3 (D. Idaho Mar. 23, 2018)).  Accordingly, Plaintiffs respectfully request that the Court grant their request for leave to file the attached supplemental declarations.

Date: April 16, 2021

Respectfully submitted,

Robert D. Fram
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000
rfram@cov.com

*/s Shankar Duraiswamy*
Shankar Duraiswamy
Daniel Auten
L. Brady Bender
Sarah Suwanda
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
sduraiswamy@cov.com
dauten@cov.com
bbender@cov.com
ssuwanda@cov.com